IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS RITTER, *by and through* | ) | |
| *his parent, Kenneth Ritter*, and | ) | |
| KENNETH RITTER, *in his own right*, | ) | 2:22-cv-1407 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Marilyn J. Horan |
| v. | ) | |
| | ) | |
| PASSAVANT MEMORIAL HOMES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiffs, Nicholas Ritter and Kenneth Ritter, bring a five-count Complaint against Defendant, Passavant Memorial Homes, alleging claims for violations of Section 504 of the Rehabilitation Act and Titles III and IV of the American with Disabilities Act (ADA), plus a Pennsylvania state-law negligence claim.  (ECF No. 1).  Presently before the Court is Passavant's Motion to Dismiss Plaintiffs' Complaint and its accompanying Brief.  (ECF Nos. 14 & 15).  Plaintiffs filed their Response, (ECF No. 16), and Passavant filed its Reply, (ECF No. 17).  For the reasons stated herein, Passavant's Motion to Dismiss will be granted.

**I.      Statement of Facts**

Nicholas Ritter, who is currently 19 years old, is an individual with moderate intellectual disabilities and autism.  (ECF No. 1, PP 12, 18, 33).  From February 2016 until January 2022, Nicholas was admitted into Passavant's residential program for children with disabilities.  (ECF No. 1, PP 13, 30, 37, 50, 82-83, 90, 93, 162).  Throughout their Complaint, Plaintiffs allege that Nicholas was not provided adequate care or supervision while he was living at Passavant.  (ECF No. 1, PP 39-41, 42-49).  Plaintiffs seek declaratory relief, compensatory damages, and consequential damages.  (ECF No. 1).

1

II.     **Relevant Legal Standards**

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be presented by the movant as either a facial or factual challenge to the court's subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Id.*

III.    **Discussion**

   A.  **Standing over Plaintiffs' Section 504 and ADA Claims**

Passavant argues that Plaintiffs lack standing to bring their Section 504 and ADA claims as Plaintiffs do not seek prospective injunctive relief. (ECF No. 15, at 3). Plaintiffs argue that they have standing to bring their Section 504 and ADA claims as they seek compensatory damages in addition to their claim for declaratory relief. (ECF No. 16, at 3).

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). The existence of a case or controversy is "a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003). The case or controversy requirement mandates that: (1) the plaintiff has standing to bring the action; (2) the plaintiff's claim is ripe for adjudication; and (3) the claim does not suffer from mootness. *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 789 (M.D. Pa. 2009).

"Under Title III of the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." *Anderson v. Macy's Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). Plaintiffs seeking prospective injunctive relief must demonstrate a "real and immediate threat" of injury in order to satisfy Article III's standing requirements. *Heinzl v. Starbucks Corp.*, 2015 U.S. Dist. LEXIS 28365, at *11 (W.D. Pa. March 9, 2015). Thus, "a plaintiff must show that he or she is likely to suffer future injury from the defendant's illegal conduct." *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 159-60 (3d Cir. 2006). Likewise, a plaintiff lacks standing to bring suit under Section 504 if he or she is not seeking prospective future relief. *Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392, 408 (M.D. Pa. 2019).

In this case, the equitable relief that Plaintiffs seek does not concern present or prospective harm. Nicholas no longer resides in any Passavant program, and the Complaint contains no allegations that Mr. Ritter intends to return his son to Passavant's care. Instead, Plaintiffs request declarations under Section 504 and the ADA relating to alleged prior care, supervision, and retaliation. Such recourse is not permitted under either Section 504 or the ADA. As Plaintiffs lack standing regarding their Section 504 and ADA claims, Passavant's Motion to Dismiss Plaintiffs' Complaint at Counts I, II, III, and IV will be granted. As there is no set of facts that Plaintiffs can plead to show that they have standing to bring their Section 504 and ADA claims, granting leave to amend would be futile. As such, Plaintiffs will not be granted leave to amend their Section 504 and ADA claims against Passavant.

### B.  ADA Compensatory Damages and Section 504 Consequential Damages

As Plaintiffs' Section 504 and ADA claims will be dismissed for lack of subject matter jurisdiction, Passavant's arguments regarding dismissal of Plaintiffs' claims for ADA compensatory damages and Section 504 consequential damages will denied as moot.

### C.  Pennsylvania State-Law Negligence Claim

Having determined that Plaintiffs' Section 504 and ADA claims are dismissed from the case, the remaining Count V, Pennsylvania state-law negligence claim, does not present any federal question.  When federal question jurisdiction ceases to exist, a district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 6356, 639 (2009) ("A district court's decision whether to exercise [supplemental jurisdiction over state-law claims] after dismissing every claim over which it had original jurisdiction is purely discretionary.") (citation omitted).  More specifically, a court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

No such affirmative justification compels supplemental jurisdiction here.  As such, the Court declines to decide the pendent state claims, and Passavant's remaining Motion to Dismiss Plaintiffs' Complaint at Count V, Pennsylvania negligence claim, will be dismissed.  The remaining Count V, Pennsylvania state-law negligence claim, will be dismissed without prejudice to re-file in state court.

**IV.     Conclusion**

For the reasons stated above, Passavant's Motion to Dismiss will be granted.  Plaintiffs

will not be granted leave to amend their Section 504 and ADA claims at Counts I, II, III, and IV.

Count V of the Complaint will be dismissed without prejudice to refile in state court.  Plaintiffs'

Complaint will be dismissed.  An appropriate Order will be entered.


DATE: __2/7/2023_____

Marilyn J. Horan
United States District Judge